IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL NO. 1:19-cv-00174-MR-WCM

| | |
|---|---|
| LAURRELL SMITH, Administratrix of the Estate of James Rowley Smith, III, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ERIC FRESHER, TERAWN BENTON, and C.R. ENGLAND, INC., )<br>)<br>Defendants. )<br>_____ ) | **ORDER APPROVING WRONGFUL DEATH SETTLEMENT** |

**THIS MATTER** is before the Court on the Plaintiff's Motion to Approve Wrongful Death Settlement [Doc. 46].

## BACKGROUND

This case arises out of a fatal tractor-trailer crash that resulted in the death of the decedent, James Rowley Smith, III ("Smith"). The Plaintiff Laurrell Smith ("Plaintiff") brings this wrongful death action as the Administratrix of Smith's estate against the Defendants Eric Fresher ("Fresher"), Terawn Benton ("Benton"), and C.R. England, Inc. ("C.R. England"). The Plaintiff asserts claims of negligence and gross negligence

against Fresher and Benton.  The Plaintiff's claims against C.R. England are limited to vicarious liability for the actions of Fresher and Benton.

The Plaintiff has reached a settlement agreement with the Defendants and now seeks court approval of that settlement, as two of the beneficiaries of the agreement are minor children.  See N.C. Gen. Stat. § 28A-13-3(23) (2018).

On April 15, 2020, this matter came on for final hearing before the Court.[1]  Present for the proceeding were Robert M. Caplan and Matthew S. Sullivan, as counsel for the Plaintiff; Dana H. Hoffman, as counsel for the Defendants; the Plaintiff Laurrell Smith, as administratrix of the Estate of James Rowley Smith, III, and as the parent and legal guardian of the minor beneficiaries, A.S. and T.S.[2]; and the guardian *ad litem* for the minor children, Stephen P. Agan.  Prior to the hearing, the Court reviewed the following documents with respect to the Plaintiff's Motion to Approve Wrongful Death Settlement: (1) the Settlement and Release of All Claims [Doc. 46-2]; (2) the Qualified Assignment and Release Agreement [Doc. 46-3]; (3) the Mediated Settlement Agreement [Doc. 46-4]; (4) the Affidavit of

---

[1] Due to the ongoing COVID-19 pandemic, the parties participated in the hearing remotely via Skype.

[2] The full names and dates of birth of each of the minor children are set forth in the Sealed Addendum to Order Approving Wrongful Death Settlement, which has been entered contemporaneously herewith.

Plaintiff/Administratrix Laurrell Smith [Doc. 46-5]; (5) the Letters of Administration appointing the Plaintiff as administratrix of the Estate of James Rowley Smith, III [Doc. 46-6]; (6) the Inventory for Decedent's Estate [Doc. 46-7]; (7) the Affidavit of Plaintiff's counsel, Affidavit of Matthew S. Sullivan [Doc. 46-8]; (8) Plaintiff's List of Litigation Costs and Expenses [Doc. 46-9]; (9) a letter from Plaintiff's Robert M. Caplan regarding the costs incurred in this litigation [Doc. 46-10]; and (10) the Affidavit of the guardian *ad litem* Stephen P. Agan [Doc. 46-11].

## **FINDINGS OF FACT**

1. At the hearing held on April 15, 2020, the Plaintiff acknowledged that she:

(a) has read the settlement documents filed in this matter, including the Settlement Agreement and Release, the Qualified Assignment and Release Agreement, and the Mediated Settlement Agreement signed by her, and that she understands and assents to the terms thereof.

(b) has had an adequate opportunity to confer with her counsel regarding her decision to settle this matter.

(c) understands that the settlement documents propose that certain consideration be paid for the benefit of the minor children.

(d) believes, in her capacity as parent of the minor children, that the proposed settlement is fair and reasonable for the minor children under the circumstances of this case, particularly as to the nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

(e) believes, in her capacity as administratrix of James Rowley Smith, III's estate, that the proposed settlement is fair and reasonable for the estate under the circumstances of this case, particularly as to the nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

(f) understands that, if the Court approves the Settlement Agreement and Release, the consideration due will be provided as described in the settlement documents filed herewith.

(g) understands that the monies paid for the benefit of the minor children belong to the minor children and not to her, and that she may not use any such monies for typical parental expenditures such as for food, clothing, shelter, healthcare, or other maintenance costs associated with raising children.

(h) understands that, if the Court approves the Settlement and Release Agreement, the provision of the consideration for the settlement by

4

the Defendants will terminate the estate's claims and any claims of the minor children against the Defendants. She further acknowledges that she understands that her decision to accept the Settlement and Release Agreement on behalf of the minor children (if such agreement is approved by the Court) will bind the minor children and said children will be enjoined from seeking any future redress against the Defendants, pursuant to the Settlement Agreement and Release, based upon the acts and omissions alleged in the Complaint.

2. At the hearing held on April 15, 2020, the guardian *ad litem*, Stephen P. Agan, acknowledged that he:

(a) has read the settlement documents filed in this matter, including the Settlement Agreement and Release, the Qualified Assignment and Release Agreement, and the Mediated Settlement Agreement signed by the parties, and that he understands and assents to the terms thereof.

(b) is satisfied, in his capacity as guardian *ad litem* for the minor children, that the proposed settlement is fair and reasonable for the minor children under the circumstances of this case, particularly as to the nature of the settlement, the amount of monetary payments to be made under the settlement, and the proposed disbursements of the settlement funds.

3. To assess the reasonableness of the Settlement and Release Agreement, the Court requested that counsel for the Plaintiff and the Defendants give a forecast of their trial evidence and provide a candid evaluation of the strengths and weaknesses of the Plaintiff's claims and any defenses thereto. The parties complied with the Court's request and proffered the following details surrounding the factual and legal circumstances of this matter.

4. On June 19, 2017, Benton, a commercial motor vehicle driver for C.R. England, was operating a tractor-trailer eastbound on Interstate 40 in Swannanoa, North Carolina. Benton's co-driver, Fresher, was asleep in the sleeper berth and had no role in driving the tractor-trailer to its place of rest prior to the crash. At approximately 5:00 a.m., Benton parked the tractor-trailer on the right-hand shoulder of the Interstate in order to change drivers, as he had exceeded or was about to exceed the DOT maximum 11-hour drive time. Smith was operating a box truck for his employer, Kahn Enterprises/Empire Distributors, and, for unknown reasons, drifted slightly from the right travel lane at the same location where Benton had parked the C.R. England tractor-trailer to change drivers. The box portion of Smith's box truck contacted the left side of the C.R. England tractor-trailer, causing

6

Case 1:19-cv-00174-MR-WCM   Document 48   Filed 04/17/20   Page 6 of 11

him to lose control of his vehicle, leaving the roadway, impacting a tree and ultimately causing his death.

5. In evaluating the provisions of the Settlement Agreement and Release, the Court assessed the following factors. As explained by the Plaintiff's counsel, the defense of contributory negligence presents a potential barrier to any recovery by the Plaintiff in this case. After consulting with a number of experts, Plaintiff's counsel believed that a strong case could be made that the parking of the tractor-trailer so close to the side of the interstate amounted to gross negligence, thereby overcoming the contributory negligence defense.

6. While the Plaintiff was able to procure experts to opine that the Defendants' actions amounted to gross negligence, the Defendants retained a number of experts who reached the opposite conclusion. Plaintiff's counsel acknowledged that, if the Defendants could demonstrate that Smith contributed in any way, however minor, to the accident, the Plaintiff's recovery would be precluded entirely. Nevertheless, as defense counsel acknowledged, the Plaintiff is a highly sympathetic witness, and defense counsel was concerned that a jury could be swayed by such sympathy to award the Plaintiff damages despite the issue of contributory negligence. Thus, both parties faced significant risks by proceeding to trial.

7. In deciding to settle the matter, the Plaintiff also considered the collectability of any future judgment. The Defendant C.R. England is self-insured, and it is uncertain whether the amount of self-insurance is sufficient to cover all the losses that could be recovered under the wrongful death statute. Additionally, the ongoing COVID-19 pandemic has created a great deal of uncertainty regarding the continued viability of C.R. England's business, as well as a significant amount of volatility in the rates of interests obtainable for the proposed annuities. As it stands, the minor children will receive payments upon reaching the age of majority that will assist with their educational needs. At the rates that are available currently, the funds provided by the settlement will result in a greater amount of funds payable to the minor children in the future. For all these reasons, the parties believe that the settlement reached is a fair resolution to the Plaintiff's claims.

8. Based on all the foregoing, the Court finds that the Settlement Agreement and Release is fair and reasonable under all of the circumstances of this case; that the consideration to be provided under the terms of that Agreement is fair and reasonable; and that the proposed disbursement of such consideration is fair and reasonable.

## CONCLUSIONS OF LAW

**WHEREFORE,** based upon the foregoing findings of fact, the Court concludes as a matter of law that:

1. Minors, because they are legally incompetent to transact business or give consent for most purposes, need responsible, accountable adults to handle property or benefits to which they are or become entitled. N.C. Gen. Stat. § 35A-1201(a)(6). Moreover, where minors are entitled to receive damages pursuant to the settlement of a wrongful death action, such settlement must be approved by the Court, even though the minors are not parties to the wrongful death action. See N.C. Gen. Stat. § 28A-13-3(23).

2. The Plaintiff Laurrell Smith, acting in her capacities as both administratrix of the Estate of James Rowley Smith, III, and as the parent and legal guardian of the minor children, is competent in all respects and is able to understand the ramifications of the settlement agreement and release, as well as the effect such agreement would have upon the minor children, and is competent and able to execute her duties accordingly.

3. Having reviewed the details of the structured settlement annuities for the minor beneficiaries, including payment dates and amounts, the Court finds that the extent, nature, and amount of recovery for the minor children are all fair and reasonable, and the disbursement of such funds as

provided in the Settlement Agreement and Release is in the best interests of the minor children.

4. The disbursement of the settlement proceeds, as set forth in the Settlement Agreement and Release, benefits the minor children by the way in which the funds are to be disbursed. The parties have specifically informed the Court that all are in agreement as to the manner of distribution set forth therein and are capable of carrying into effect the same.

5. The Plaintiff Laurrell Smith, as administratrix of the Estate of James Rowley Smith, III, and as parent and legal guardian of the minor children, has bound the minor children herein in the same manner as if such minors had consented to the settlements as adults.

6. The settlement and release agreement should be approved

## **ORDER**

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion to Approve Wrongful Death Settlement [Doc. 46] is **GRANTED**, and the parties' settlement of this matter is hereby **APPROVED**.

**IT IS FURTHER ORDERED** that the parties shall file a stipulation of dismissal with respect to all the Plaintiff's claims against the Defendants within thirty (30) days of the entry of this Order.

**IT IS SO ORDERED.**

Signed: April 17, 2020

Martin Reidinger
United States District Judge

11